# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

    ISAAC KATZ,

            Debtor.

Case No. 24-44001-jmm

(Chapter 7)

**PROPOSED SO-ORDERED STIPULATION**
**REGARDING AUTOMATIC STAY**

      **WHEREAS,** Petitioner Isaac Katz ("Katz") in the above-captioned Chapter 7 bankruptcy case (the "Bankruptcy Case") in or about August 2022 commenced an action in the Supreme Court of the State of New York, County of Kings captioned *Katz v. Bardach* bearing Index No. 532/2022 (the "Kings County Action") against Defendant-Counterclaimant Jordan Bardach ("Bardach") relating to, among other things, the management of and Bardach's ownership interest in City5 Consulting, LLC ("City5"), and Bardach asserts counterclaims in the Kings County Action; and

      **WHEREAS**, on April 27, 2023 in the Kings County Action, Hon. Reginald A. Boddie, J.S.C. entered a preliminary injunction order that *inter alia* "enjoined [Katz] from making any unilateral withdrawals, transfers, payments, and/or distributions from City5's operating account outside of the ordinary course of business unless mutually agreed to by [Bardach and Katz]" (the "Preliminary Injunction")  (NYSCEF No. 129); and

      **WHEREAS**, in August 2024, Bardach moved by Order to Show Cause in the Kings County Action seeking, among other things, that the Court issue orders for both civil and criminal contempt against Katz and adjudging that Katz violated the Preliminary Injunction by causing, outside the ordinary course of business and without Bardach's knowledge or consent, multiple money transfers of City5 funds totaling not less than $1.7 million and requiring that Katz cause the return of said City5 funds to City5 (the "Contempt Application") (*see* NYSCEF No. 280); and

2

**WHEREAS**, the Contempt Application was made returnable in the Kings County Action on September 26, 2024; and

**WHEREAS**, on September 25, 2024, Katz commenced the Bankruptcy Case, and Gregory Messer, Esq. (the "Chapter 7 Trustee") was appointed as the Chapter 7 Trustee therein; and

**WHEREAS**, in his petition in the Bankruptcy Case, Katz identified Bardach and City5 as creditors of Katz's bankruptcy estate; and

**WHEREAS**, on September 26, 2024, Katz, having not served or filed any opposition to the Contempt Application, filed a Notice of Bankruptcy in the Kings County Action (NYSCEF No. 287) regarding the Bankruptcy Case and purported to invoke an automatic stay of the Kings County Action under 11 U.S.C § 362; and

**WHEREAS**, on September 26, 2024, Hon. Reginald A. Boddie, J.S.C. entered an order in the Kings County Action (NYSCEF No. 288) ordering that "[g]iven the notice of bankruptcy filed by plaintiff/counterclaim defendant, Isaac Katz, the motion returnable today (MS 9) is adjourned to November 21, 2024.  Defense counsel shall provide an update regarding the bankruptcy case by November 18th"; and

**WHEREAS**, on November 18, 2024, respective counsel for Katz and Bardach in the Kings County Action each provided an update *via* email to the Kings County Supreme Court regarding the Bankruptcy Case; and

**WHEREAS**, on November 22, 2024, Hon. Reginald A. Boddie, J.S.C. entered an order in the Kings County Action (NYSCEF No. 289) ordering that "[t]he motion returnable today (MS 9) is further adjourned to January 30, 2025.  Plaintiff's bankruptcy proceeding is still pending, and the next court date therein is in early December 2024.  Plaintiff's counsel shall provide an update regarding the bankruptcy proceeding by January 23rd"; and

2

3

**WHEREAS**, Bardach asserts that pursuant to 11 U.S.C. § 362(b)(1), Katz's commencement of the Bankruptcy Case does not stay the Kings County Action as to the adjudication of the portion of the Contempt Application seeking that the Kings County Supreme Court issue an order of criminal contempt against Katz;

**IT IS HEREBY STIPULATED AND AGREED** by and between or among the attorneys named below as follows:

1. Any purported stay arising from Katz's commencement of the Bankruptcy Case (under 11 U.S.C. § 362 or otherwise) of the adjudication of the portion of the Contempt Application in the Kings County Action seeking *inter alia* an order of civil contempt against Katz is hereby lifted, and Bardach may proceed in the Kings County Action as he deems appropriate regarding the Contempt Application.

2. The Trustee expressly reserves and does not waive its rights and remedies in the Bankruptcy Case relating to property of Katz's chapter 7 bankruptcy estate, as defined in 11 U.S.C. § 541.

3. Bardach expressly reserves all and does not waive any rights and/or remedies, including without limitation those rights and remedies in the Bankruptcy Case and Kings County Action.

4. This stipulation may be executed in counterparts and/or by electronic signature, each of

which shall be deemed an original but all of which constitute one and the same agreement.

Dated: December 30, 2024

| | |
|---|---|
| **COZEN O'CONNOR** | **LAMONICA HERBST & MANISCALCO LLP** |
| By: /s/ Trevor Hoffmann | By: /s/ Gary F. Herbst |
|     Trevor Hoffmann, Esq. |     Gary F. Herbst, Esq. |
| Jeremy E. Deutsch, Esq. | 3305 Jerusalem Avenue |
| Elliot J. Coz, Esq. | Wantagh, New York 11793 |
| Ivory L. Bishop, Jr., Esq. | Tel: (516) 826-6500 |
| 3 World Trade Center | |
| 175 Greenwich Street, 55th Floor | *Attorneys for Gregory Messer, Chapter 7 Trustee* |
| New York, New York 10007 | *for the Bankruptcy Estate of Petitioner Isaac Katz* |
| Tel: (212) 509-9400 | |

*Attorneys for Jordan Bardach*

**SO ORDERED:**

_____
**HON. JIL MAZER-MARINO**

4