**J. Singer Law Group, PLLC**
Attorneys for Isaac Katz
1 Liberty Plaza, 23rd Floor
New York, New York 10006
(917) 806-5832
Jeb Singer
Ira Reid

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――― x
In re:

ISAAC KATZ                                               : Chapter 7

                                                                  : Case No. 24-44001-JMM
―――――――――――――――――――――――――――― x

### OBJECTION OF ISAAC KATZ TO MOTION BY CENLAR FSB
### AS SERVICER FOR UNITED WHOLESALE MORTGAGE, LLC
### SEEKING RELIEF FROM THE AUTOMATIC STAY

Isaac Katz (the "***Debtor***"), by his undersigned counsel, hereby objects (the "***Objection***") to to the motion by Cenlar FSB ("***Cenlar***") as servicer for United Wholesale Mortgage, LLC ("***United***") seeking relief from the automatic stay (the "***Motion***") to permit foreclosure on the Debtor's real property located at 119 Israel Ln #B44, Woodbourne, New York 12788 (the "***Property***"), and respectfully states as follows:

### PRELIMINARY STATEMENT

1.      The Debtor does not dispute the fact that he has failed to make timely payments under the Note and Mortgage dated October 18, 2023, attached as Exhibit A to the Motion (the "***Mortgage***"). He does dispute the contention that there is no equity to the property or that the Chapter 7 estate has no interest in the property. Paragraphs 7 and 8 of the Motion itself state that United's lien on the Property as of November 5, 2024, is approximately $418,819. However, the

Property has an estimated value of $500,000. Moreover, that value may well be conservative as interest rates and presumably, mortgage rates fall over time with lower inflation.

2. Moreover, the Debtor disputes that counsel for Cenlar is entitled to an award of attorney's fees and costs for filing the Motion. Should the Motion be granted and Cenlar be permitted to close on the Property, the terms of the Mortgage will determine its rights. And, to the extent it is entitled to reasonable attorney's fees and costs under the Mortgage, it will collect those fees and costs when it forecloses on the Property. Accordingly, there is no reason for an order of this Court granting them reasonable attorney's fees and costs ahead of a possible foreclosure.

3. Finally, there is no need to vacate the automatic stay to permit foreclosure of the Property because the Debtor possesses the right to cure all arrears and reinstate the mortgage under paragraph 19 of the Mortgage and under New York State law. The Debtor commits to this Court that it will do so within 90 days of the hearing on this Motion.

## ARGUMENT

4. New York real property law does not include a statutory right to cure defaults and reinstate a mortgage. However, New York courts enforce contractual rights to cure and reinstate if they appear in mortgage and loan documents. *See, e.g. Bank of New York Mellon v. Dieudonne,* 171 A.D. 3d 34 (N.Y. App. Div. Mar. 13, 2019) (recognizing that the reinstatement provision in a mortgage "effectively gives the borrower the contractual option to de-accelerate the mortgage when certain conditions are met" and ruling that "the extinguishment of the defendant's contractual right to de-accelerate the maturity of the debt pursuant to the reinstatement provision of paragraph 19 of the mortgage was not a condition precedent to the plaintiff's acceleration of

the mortgage"). The Debtor's Mortgage contains such an enforceable cure and reinstatement provision.

5. Specifically, the Mortgage contains what is labelled as New York-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT (MERS0 FORM 3033 07/20/21) provisions. Paragraph 20 is titled "Borrowers Right to Reinstate the Loan." That paragraph provides that "[e]ven if Lender has required immediate payment in full, I may have the right to reinstate the Loan and to have enforcement of this Security Instrument discontinued." It goes on to state that "I will have this right at any time up to the later of (a) five days before the foreclosure sale of the Property, or (b) such other period as Applicable Law might specify for the termination of my right to reinstate". *See* Motion at Exhibit A, para. 20.

6. In short, the Debtor has the right to cure his defaults and reinstate the Mortgage at least until 5 days prior to a foreclosure sale. Upon information and belief, a foreclosure action against the Property has not yet even been commenced. The Debtor hereby commits to this Court to cure and reinstate this Mortgage within 90 days of the hearing date on this Motion. This Court should deny this Motion or adjourn the Motion for that 90-day period (which would not prejudice Cenlar or United). *See* Declaration of Isaac Katz annexed as Exhibit A.

**WHEREFORE,** the Debtor respectfully requests that the Motion be denied or adjourned for 90 days and that the Court grant such other and further relief as is just and proper.

Dated: January 9, 2025
      New York, New York

                Respectfully Submitted:

                **J. SINGER LAW GROUP, PLLC**

                By:    /s/ Jeb Singer
                           Jeb Singer, Esq.
                           Ira Reid, Esq.
                           1 Liberty Plaza, 23rd Fl.
                           New York, New York 10006
                           (917) 880-5832
                           jsinger@jsingerlawgroup.com
                           ireid@jsingerlawgroup.com

                           *Attorneys for Defendant*
                           *Isaac Katz*

NYCDMS/1066124.1