**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

Isaac Katz,                                            Case No. 1-24-44001-jmm
                                                                                                         Chapter 7

            Debtor.

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Valley National Bank ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain Cash Value Line of Credit Loan Agreement of the Debtor ("Agreement"). In further support of this Motion, Movant respectfully states:

### PROCEDURE

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on September 25, 2024.

### JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

### BACKGROUND

3. Isaac Katz ("Obligor") executed and delivered or is otherwise obligated with respect to that certain promissory note ("Note") and Cash Value Line of Credit Loan Agreement of the Debtor ("Agreement", together with the Note, the "Loan Documents") dated November 7, 2016 in the original principal amount of $288,400.00. The underlying life insurance policy as collateral was

subsequently assigned. Additionally, on December 14, 2023, the Debtor executed a Modification to the Note and an Amendment to the Agreement, which reduced the maximum principal amount to $248,700.00. Copies of the Note, Agreement, any related assignment of the collateral, the note modification and the agreement amendment are annexed hereto as **Exhibit "A"**.

4.     Pursuant to the terms and conditions of the Loan Documents, all obligations (collectively, the "Obligations") are secured by the life insurance policy and upon the failure of the Obligor to cure any default thereunder, which includes non-payment of amounts due, Movant is entitled to accelerate the loan balance and all Obligations shall become due immediately.

5.     The unpaid principal balance as of March 5, 2025, is $246,007.37 and the total amount owed is $257,596.94. Interest on the unpaid principal balance continues to accrue.

6.     In addition to the foregoing, the Movants costs and legal fees are secured by the Credit Loan Agreement documents, *inter alia*, its costs, expenses, reasonable attorneys' fees expended enforcing its rights and all other sums due pursuant to the terms and conditions of the Loan Documents. Reasonable attorneys' fees and court filing costs in relation to the motion will be incurred and will not exceed $1,424.00.

7.     A copy of the Court required Motion for Relief Worksheet ("Stay Relief Worksheet") is annexed hereto as **Exhibit "B".**

8.     Obligor is due for monthly payments through March 5, 2025, for a total reinstatement figure due of $9,355.00.

9.     Valley National Bank is the holder of the Agreement and note referenced in this motion. Movant, directly or through an agent, has possession of the Note and Movant is the beneficiary of the Agreement.

## THE AUTOMATIC STAY SHOULD BE VACATED

10.     11 U.S.C. § 362(d) provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section if:
>
> > (A)     the debtor does not have an equity in such property; and
> >
> > (B)     such property is not necessary to an effective reorganization.

11.     11 U.S.C. § 362(d)(1) is applicable to applications to lift the automatic stay for cause. The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

12.     As set forth above, cause exists to vacate the automatic stay as the Agreement between Movant and the Debtor is in default under the terms and provisions of the Loan Documents, by, among other things, failing to make monthly Credit Loan Agreement payments to Movant. Under 11 U.S.C. § 362(d)(1), failure to make post-petition Credit Loan Agreement payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983).

13.     Given the Debtor's failure to make monthly payments, Movant respectfully requests that this Court enter an order waiving the stay imposed by FRBP 4001(a)(3).

14. A copy of the proposed order granting relief from stay is annexed hereto.

**WHEREFORE**, Movant respectfully requests that an Order be granted terminating the automatic stay immediately as to Movant's interest as prescribed in the Agreement and together with such other, further and different relief as the Court may deem just and proper.

Dated: March 7, 2025
       New York, New York

                                   **HILL WALLACK, LLP**

                                   /s/ Aleksandra K. Fugate
                                   Aleksandra K. Fugate, ESQ.
                                   261 Madison Avenue, 9th Floor
                                   New York, NY 10016
                                   Email: afugate@hillwallack.com